UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNIE S. WOJTYCA,

    Plaintiff,                             CIVIL ACTION NO. 06-12401
  v.

                                     DISTRICT JUDGE PAUL D. BORMAN

                                     MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF                  FORMERLY ASSIGNED TO
SOCIAL SECURITY,                 MAGISTRATE JUDGE WALLACE CAPEL, JR.

    Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant remained capable of performing a significant number of jobs in the economy.

\*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on December 13, 1999, alleging that she had been disabled and unable to work as of May 26, 1998, at age 45, due to depression, agoraphobia, anxiety and migraine headaches. Benefits were denied by the Social Security Administration (SSA). A requested <u>de novo</u> hearing was held on March 29, 2005[1], before Administrative Law Judge Joseph Brezina,

---

[1]An earlier hearing was held on March 19, 2001, before a different ALJ (TR 357-375), which resulted in a decision to deny benefits (TR 255-260). The Appeals Council vacated that decision in January 2002, and the case was remanded for further administrative action to obtain updated medical evidence on claimant's mental condition (TR 282-287).

who subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a significant number of jobs existing in the economy. The Law Judge determined that the claimant could work at all exertional levels from sedentary to heavy, but could not perform complex assignments (defined as more than one to two step tasks). The ALJ also restricted Plaintiff from jobs involving more than minimal contact with supervisors, co-workers or the general public.  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 52 years old at the time of the administrative hearing (TR 387). She had an eleventh grade education, and had been employed during the relevant past by the Ford Motor Company as a material handler and sewing machine operator (TR 387).  As a material handler, Plaintiff stood for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 50 pounds on a regular basis (TR 95).

Claimant testified that she was forced to stop working in May 1998, after suffering anxiety and panic attacks (TR 389).  She explained that the symptoms of her attacks included sweaty palms and crying, and that she experienced these attacks at least once a day (TR 389).  Plaintiff alleged that the anxiety and panic attacks began after she was hit in the face with a piece of steel while at work in 1995, resulting in a closed head injury[2] (TR 395). Despite taking anti-depressant and anti-anxiety medications, the claimant stated that

---

[2] At the time of the hearing, Plaintiff was receiving extended disability benefits from Ford Motors in the amount of 1591.00 a month (TR 400).

**2**

she experienced panic attacks on a regular basis (TR 390). Since the medications allegedly made her feel sleepy, she claimed that she rarely left her home or engaged in exertional activities (TR 390-391).  Other impairments which claimant said prevented her from returning to work included short term memory loss, an inability to handle stress, and occasional migraine headaches (TR 391). Plaintiff's husband testified that the claimant did not like to be left alone, and often had panic attacks when she could not find him quickly (TR 393).

A Vocational Expert, Jackie Schabocker, classified Plaintiff past work as a material handler as medium, semi-skilled activity (TR 400).  The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[3] (TR 406). If she were physically capable of working at all exertional levels, there were numerous unskilled assembly, sorting, packaging and visual inspection jobs that Plaintiff could perform even if she could not tolerate working with the general public or close contact with supervisors or co-workers (TR 401-402). These jobs did not require performing complex tasks requiring more than one or two step instructions (TR 401).

## LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of dysthymic, anxiety, panic and personality disorders, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's impairments precluded her from performing complex tasks, and from frequent contact with the general public, supervisors and/or co-workers, but found that she retained the residual functional

---

[3] The witness explained that Plaintiff's alleged inability to remain on her feet for prolonged periods and her need to lie down every day would preclude all work activity (TR 406).

capacity to perform a reduced range of heavy, light and sedentary unskilled work, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would have decided the matter differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her depression and panic attacks were severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to

disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2006).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff remained capable of performing a significant number of jobs in the economy. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of totally disabling depression and panic attacks.

When evaluating Plaintiff's residual mental functional capacity, the Law Judge noted that the claimant did not seek significant treatment for anxiety or other emotional difficulties after September 2000, and that she was never hospitalized for this impairment (TR 25). Moreover, the ALJ cited specific notes from Dr. Thomas Graves, claimant's family physician, showing that Plaintiff's depression was controlled by medication, and that treatment for the condition had proved helpful (TR 25, 206). The treating doctor stated on a number of occasions that Plaintiff was doing "quite well" (TR 156, 172, 174). In a report dated March 1999, Dr. Graves stated that the claimant no longer felt depressed and had stopped taking medication (TR 172). Two weeks later, Dr. Graves reported that Plaintiff felt wonderful (TR 165). Progress notes from October and November 1999, do not even discuss claimant's mental impairments (TR 153-154). In a letter dated September 2000, Dr. Graves indicated that Plaintiff had experienced "tremendous improvement in her overall health and outlook in life" after her employer had granted her a medical disability (TR 340).

Dr. Graves treatment notes fail to demonstrate that Plaintiff's depression created significant limitations or was not controlled by medication[4]. The lack of significant treatment for emotional difficulties since 2001 further belies her claim of totally debilitating symptoms. The ALJ also considered Plaintiff's own description of her daily activities in discrediting her claims of total disability (TR 24). The claimant told an examining doctor in May 2004, that she was the primary care giver for her father, a stroke victim. Plaintiff reportedly got him out of bed every morning, cleaned and dressed him, prepared all his meals and cleaned the house on a regular basis (TR 349).

Even though the claimant was diagnosed with an anti-social personality disorder, the ALJ reasonably accommodated this impairment by restricting her to work that did not require more than one or two step instructions, and involved no more than minimal contact with supervisors, co-workers, and the general public. Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986). There was medical evidence on both sides, and having examined it, the undersigned is persuaded that substantial evidence supported the Law Judge's conclusion that Plaintiff's alleged depression and anxiety was not totally disabling.

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various

---

[4] Given Dr. Graves rather benign clinical findings, the ALJ properly discounted the doctor's subsequent opinion that Plaintiff was disabled since it was inconsistent with his own treatment notes (TR 25). Similarly, substantial evidence also supported the ALJ's decision to reject the disability opinion from Dr. Alan Thorburn. Before opining on a Ford Motor Company form that Plaintiff had been disabled since August 1998 (TR 322), Dr. Thorburn had encouraged Plaintiff to return to work in August 1999 (TR 216).

**6**

impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[5], the Vocational Expert testified that there were numerous unskilled assembly, inspection, packaging and sorting jobs that Plaintiff could perform even if she could not tolerate working with the general public or in close contact with supervisors or co-workers (TR 401-402). These jobs did not require performing complex tasks of more than one or two step instructions (TR 402). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for such work at all exertional levels.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir.

---

[5]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her emotional difficulties. The ALJ reasonably determined that claimant's mental impairment limited her to low stress, simple, routine jobs requiring limited contact with the public, co-workers and supervisors (TR 401). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

**7**

1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: January 30, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on January 30, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 30, 2007. **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217